IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RUSSELL GAITHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-047 |
| | ) | |
| NATHAN DEAL, Commissioner; | ) | |
| MR. PHILBIN, Warden; MRS. HARVEY, | ) | |
| Deputy Warden; MR. PASCAL, Deputy | ) | |
| Warden; ROBBIE MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

### **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 6), Plaintiff's motion for appointment of counsel be **DENIED**, (doc. no. 9), and this action be **DISMISSED** without prejudice.

**I.   BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

Notably, Plaintiff has filed a notice of appeal from a nonfinal order regarding the deficiency notice sent by the Clerk informing Plaintiff of his initial failure to pay the filing fee or submit a motion to proceed IFP. (Doc. no. 7; see doc. no. 2.) An appeal taken, as here, from a non-appealable order, does not divest the district court of its jurisdiction over the matter. United States v. Hitchmon, 602 F.2d 689, 691 (5th Cir. 1979), *superseded by statute on other grounds*; see also United States v. Khoury, 901 F.2d 948, 969 n.20 (11th Cir. 1990).

II.   **DISCUSSION**

    **A.   Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)**

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes: (1) Gaither v. Archar, CV 315-043, doc. nos. 18, 27 (S.D. Ga. Aug. 25, 2015) (dismissing for failure to follow court order and abuse of judicial process

2

for failure to disclose litigation history, specifically noting "bad faith litigiousness" and "manipulative tactics" in filings)[1]; (2) Gaither v. Pullin, 5:14-CV-00260-MTT-CHW, doc. no. 6 (M.D. Ga. Aug. 21, 2014) (dismissing for failure to state a claim); and (3) Gaither v. Chapman, 3:13-CV-00125-CAR-CHW, doc. no. 5 (M.D. Ga. Dec. 9, 2013) (dismissing for failure to state a claim); see also Gaither v. Deal, CV 120-094, doc. no. 18 (S.D. Ga. Sept. 24, 2020) (denying IFP status based on accumulation of three strikes and dismissing case); Gaither v. State of Ga., CV 619-049, doc. nos. 34, 35 (S.D. Ga. Feb. 14, 2020) (recounting history of § 1915(g) case dismissals based on three strikes); Gaither v. Hooks, CV 616-009, doc. nos. 17, 26 (S.D. Ga. Sep. 26, 2016) (dismissing for three strikes under § 1915(g); dismissal also recommended for failure to state a claim); Gaither v. Arthur, CV 316-010, doc. nos. 12, 18 (S.D. Ga. Apr. 26, 2016) (dismissing for three strikes under § 1915(g)). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.  Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff signed his complaint on February 8, 2021, and the pleading primarily alleges

---

[1] Dismissal for abuse of judicial process qualifies as a strike under § 1915(g). Rivera, 144 F.3d at 731.

he has been denied adequate supplies to pursue his legal claims while incarcerated at ASMP. (See doc. no. 1.) Plaintiff also complains about being housed in the same unit as inmates with mental illnesses. (Id. at 2.) Plaintiff raises these claims in a pleading covering seven, handwritten, single-spaced pages, and along with the complaint, he had sufficient supplies to also submit a one-page, hand-written motion for appointment of counsel. (See doc. no. 9.)

As previously explained in two prior cases alleging denial of adequate supplies to pursue legal claims, Gaither v. Deal, CV 120-094, doc. nos. 12, 18 (S.D. Ga. Sept. 24, 2020) and Gaither v. Bryson, CV 121-001, doc. nos. 6, 13 (S.D. Ga. Mar. 16, 2021, courts have rejected claims of denial of access to the court as insufficient to establish imminent danger of serious physical injury. See Skillern v. Edenfield, No. CV 610-044, 2010 WL 5638731, at *2 (S.D. Ga. Dec. 21, 2010) (finding plaintiff's claim defendants violated his right of access to the courts "plainly inadequate to bring [his] case within the imminent danger exception"), *adopted by*, Skillern v. Edenfield, 2011 WL 241030 (S.D. Ga. Jan. 24, 2011); see also McDonald v. Adkinson, Case No.: 320cv3004/MCR/EMT, 2020 WL 1263573, at *2 (N.D. Fla. Feb. 13, 2020) (finding general allegations about conditions of confinement, including "lack of access to a law library and writing/mailing materials," does not establish imminent danger of serious physical injury), *adopted by*, McDonald v. Adkinson, 2020 WL 1248878, at *1 (N.D. Fla. Mar. 16, 2020).

Further, Plaintiff's housing complaint fails to state an imminent danger exception. Plaintiff makes no allegations of danger or harm resulting from his placement in the same dorm as inmates with mental illnesses. Without specific allegations that an injury is imminent or threatened, Plaintiff does not satisfy the imminent danger exception. See Odum v. Bryan Cnty,

Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). In sum, Plaintiff's allegations about lack of sufficient supplies to pursue his legal claims and complaints about his housing situation are insufficient to establish imminent danger of serious physical injury.

### C. Motion to Appoint Counsel

Plaintiff is proceeding *pro se* and moves for the appointment of counsel, arguing he needs an attorney to conduct discovery; he has limited knowledge of the law; and, an attorney would be better suited to present the difficult legal issues. (Doc. no. 9.) Because Plaintiff is not entitled to proceed with this case, his motion for appointment of counsel should be **DENIED**. However, even if the Court were not recommending dismissal of the case, Plaintiff is not entitled to appointed counsel.

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position,"

5

which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).  Indeed, Plaintiff has been able to communicate with the Court and present the merits of his case, as evidenced by his factually-detailed filings with the Court, including exact dates of events.  Therefore, Plaintiff's motion for appointment of counsel should be **DENIED**.  (Doc. no. 9.)

### III.     CONCLUSION

Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 6), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).  The Court also **REPORTS** and **RECOMMENDS** that the motion for appointment of counsel be **DENIED**. (Doc. no. 9.)

SO REPORTED and RECOMMENDED this 13th day of April, 2021, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA